IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY GOODLOE, JR., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PARKLAND MEDICAL JAIL STAFF, § <br> et al., § <br> Defendants. § | | 3:22-cv-00006-E (BT) |

| | | |
|---|---|---|
| MICHAEL ANTHONY GOODLOE, JR., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> U.S. DISTRICT COURT NORTHERN § <br> DIVISION, et al., § <br> Defendants. § | | 3:22-cv-00062-X (BT) |

| | | |
|---|---|---|
| MICHAEL ANTHONY GOODLOE, JR., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DALLAS COUNTY COURTS § <br> PRINCIPLE AGENT, et al., § <br> Defendants. § | | 3:22-cv-00165-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Anthony Goodloe, Jr. brings these *pro se* civil actions, but he failed to comply with a court order in Case Numbers 3:22-cv-6-E-BT, 3:22-cv-62-X-BT, and 3:22-cv-165-E-BT, and he also has failed to

1

state a claim in Case Numbers 3:22-cv-6-X-BT and 3:22-cv-62-X-BT. The Court should therefore dismiss Case Numbers 3:22-cv-6-E-BT, 3:22-cv-62-X-BT, and 3:22-cv-165-E-BT. Goodloe is warned that if he continues to file frivolous cases in this Court, sanctions and/or a filing bar will be imposed.

## Background

Goodloe has filed seven *pro se* civil lawsuits in the Northern District of Texas since March 26, 2019.[1] Five of the seven lawsuits, Case Numbers 3:19-cv-748-N-BT, 3:22-cv-4-S-BT, 3:22-cv-6-E-BT, 3:22-cv-62-X-BT, and 3:22-cv-165-E-BT were referred to the undersigned United States magistrate judge. Of those five lawsuits, on July 1, 2019, Case Number 3:19-cv-748-N-BT was dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). On January 5, 2022, Case Number 3:22-cv-4-S-BT was transferred to the Sherman Division of the Eastern District of Texas.

On January 3, 2022, Goodloe filed Case Number 3:22-cv-6-E-BT in this Court. Along with his complaint, he filed a motion to proceed *in forma pauperis*. (Case Number 3:22-cv-6-E-BT, ECF No. 4.) On January 5, 2022, the Court granted Goodloe's motion to proceed *in forma pauperis*. (Case Number 3:22-cv-6-E-BT, ECF No. 5.) That same day, the Court issued a Notice of Deficiency and Order, which ordered Goodloe to file a complaint

---

[1] It also appears Goodloe came before this Court for criminal proceedings in January 2011, in connection with charges out of the Eastern District of Louisiana. *See United States v. Goodloe*, Case No. 3:11-MJ-13-BF-1.

in compliance with Federal Rule of Civil Procedure 8(a). (Case Number 3:22-cv-6-E-BT, ECF No. 6.) The order informed Goodloe that failure to respond and cure the deficiency by February 4, 2022 could result in a recommendation that his case be dismissed. Goodloe did not file a response, and he failed to comply with the Court's Order by February 4, 2022.

On January 11, 2022, Goodloe filed Case Number 3:22-cv-62-X-BT in this Court. Along with his complaint, he filed an amended complaint and a motion to proceed *in forma pauperis*. (Case Number 3:22-cv-62-X-BT, ECF Nos. 4, 5.) On January 12, 2022, the Court granted Goodloe's motion to proceed *in forma pauperis*. (Case Number 3:22-cv-62-X-BT, ECF No. 6.) That same day, the Court issued a Notice of Deficiency and Order, which ordered Goodloe to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and file his pleadings on the appropriate form. (Case Number 3:22-cv-62-E-BT, ECF No. 7.) The order informed Goodloe that failure to respond and cure the deficiencies by February 14, 2022 could result in a recommendation that his case be dismissed. On January 18, 2022, Goodloe filed a second amended complaint. (Case Number 3:22-cv-62-E-BT, ECF No. 8.) The second amended complaint was filed on the appropriate form, but it failed to comply with Rule 8(a).

Last, on January 25, 2022, Goodloe filed Case Number 3:22-cv-165-E-BT in this Court. Along with his complaint, he filed a motion to proceed *in forma pauperis*, but he did not sign the motion. (Case Number 3:22-cv-165-

3

E-BT, ECF No. 5.) Two days later, the Court issued a Notice of Deficiency and Order, which ordered Goodloe to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and pay the $402.00 filing fee or file a properly signed motion to proceed *in forma pauperis*. (Case Number 3:22-cv-165-E-BT, ECF No. 6.) The order informed Goodloe that failure to respond and cure the deficiencies by February 28, 2022 could result in a recommendation that his case be dismissed. On January 31, 2022, Goodloe filed an amended complaint. (Case Number 3:22-cv-165, ECF No. 7.) The amended complaint was filed on the appropriate form, but it failed to comply with Rule 8(a). On February 7, 2022, he filed a second amended complaint. (Case Number 3:22-cv-165, ECF No. 8.) The second amended complaint is filed on the appropriate form, but it does not comply with Rule 8(a). Finally, on February 14, 2022, Goodloe filed a third amended complaint. (Case Number 3:22-cv-165-E-BT, ECF No. 9.) It was filed on the appropriate form, but it does not comply with Rule 8(a). Goodloe never filed a properly signed motion to proceed *in forma pauperis*.

## Legal Standards and Analysis

A.   Fed. R. Civ. P. 41(b)

In each of his three cases, Goodloe failed to obey a court order and also failed to prosecute. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th

Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Goodloe has failed to comply with the Court's orders in each of this three cases. In Case Number 3:22-cv-165-E-BT, he failed to pay the $402.00 filing fee or file a properly signed motion to proceed *in forma pauperis*. And in Case Numbers 3:22-cv-6-E-BT, 3:22-cv-62-X-BT, and 3:22-cv-165-E-BT, he failed to file a complaint that complies with Rule 8(a), which requires a short and plain statement of a claim showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court cannot screen these three cases, and thus litigation cannot proceed in these cases, until Goodloe cures these deficiencies. Goodloe has failed to prosecute his lawsuits and also failed to obey court orders. Dismissal without prejudice is warranted under these circumstances. Therefore, the Court should dismiss Case Numbers 3:22-cv-6-E-BT, 3:22-cv-62-X-BT, and 3:22-cv-165-E-BT under Rule 41(b).

B.   State a Claim

Next, the Court will screen Case Numbers 3:22-cv-6-E-BT and 3:22-cv-62-X-BT. Goodloe's pleadings are subject to preliminary screening under 28 U.S.C. § 1915(e). That section provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Goodloe's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner,* 404 U.S. 519,

6

520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Goodloe's pleadings fail to state a claim upon which relief can be granted.

In Case Number 3:22-cv-62-X-BT, on January 18, 2022, Goodloe filed his second amended complaint. 2d Am. Compl. (ECF No. 8). It includes fifty-five pages of attachments, which are seemingly unrelated. *Id.* 2-22; ECF Nos. 8-1, 8-2. It also includes a series of allegations that appear to be based on the so-called "sovereign citizen" ideology. *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose group of litigants, commentators, and tax protestors who often take the position that they are not subject to state or federal statutes and proceedings."). For example, at the top of one Goodloe's attachments, in bold, he refers to "Moorish Americans," "Northwest Amexem," "Sovereign Nationals," and "Sovereign Citizens." 2d Am. Compl. 2 (ECF No. 8). He also appears to refer to specific federal tax forms, such as a 1099 OID, 1096, SF 24-16, SF 25A-166, SF 25A-16A, SF 273-13C, SF274-13B, SF 275-98B. *Id.* 3. He states that there has been a "Willful Failure To File For Income Tax." *Id.* Finally, Goodloe cites his full name and refers to it as a "Legal fiction." *Id.* 2.

Goodloe's second amended complaint and attachments are nonsensical, and it is virtually impossible to discern a precise argument. His second amended complaint, in its entirety, consists of one handwritten page containing various words and phrases. *Id.* 1. As attachments, he has included what he has designated as two "Affidavit[s] of Truth". *Id.* 5-6. Goodloe also has included his resume, which provides that he is currently seeking a full-time position that offers a greater challenge and more benefits for his family. *Id.* 7-8. He summarily states, "List Charges and Relief [sic] sought Attached." *Id.* 1. His second amended complaint states, "Origanal [sic] Lein [sic] undisputed will be introduced and amended to this complaint." *Id.* In his attachments, he writes, "Dear Sir or Mam, Would Your Accountant Please Prepare And File Federal Tax Form 1099 OID Original [sic] Issue Discount To Cover The Eligible Issues[.]" *Id.* 2. Immediately thereafter, Goodloe refers to a case from the Eastern District of Louisiana, which he claims is associated with Case Number 10-221-2. *Id.*

In Case Number 3:22-cv-6-E-BT, Goodloe's complaint consists of a one-page, handwritten document. Compl. 1 (ECF No. 3). He makes several seemingly unrelated allegations, but he fails to articulate a coherent legal claim. Goodloe appears to name the following as defendants: Parkland Medical Jail Staff, Pretrial Office, Dallas Police Department, Dallas County Sheriff, Dallas County Magistrate and Prosecutor, Dallas District Judge, and District Attorney. *Id.* He summarily alleges that the defendants were

deliberately indifferent to his serious medical condition, which resulted in torts. *Id.* He further alleges that the defendants conspired to deprive him of his constitutional rights while acting under the color of law. *Id.* Goodloe contends that the defendants acted during a fictious conveyance of language and failed to follow their oath. *Id.* He further contends that defendants, while acting under color of state law, were engaged in kidnapping, assault and battery, collusion, and accessory-after-the fact. *Id.* Goodloe concludes, "I at all times Reserve My Constitutional Rights to Travel." *Id.*

In sum, Goodloe's pleadings in Case Numbers 3:22-cv-6-E-BT and 3:22-cv-62-X-BT fail to state a claim upon which relief may be granted. Case Numbers 3:22-cv-6-E-BT and 3:22-cv-62-X-BT should therefore be dismissed under § 1915(e)(2)(B) because he fails to state a claim upon which relief can be granted.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). In Case Number 3:22-cv-6-E-BT, Goodloe filed a complaint, but he did not seek to file or file any amendments thereafter. (Case Number 3:22-cv-6-E-BT, ECF No. 3.) In Case Number 3:22-cv-62-X-BT, Goodloe filed a complaint, first amended complaint, and second amended complaint. (Case Number 3:22-cv-62-X-BT, ECF Nos. 3, 5, 8.) The Court finds that Goodloe has pleaded his best case in both cases and

granting leave to amend at this time would result in needless delay and an exercise in futility. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding that plaintiffs "have pled their best case and granting leave to amend would be futile and cause needless delay" where plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

C.    Sanctions

Last, the Court will address the extent to which Goodloe's frivolous lawsuits in this Court warrant sanctions. As noted, Goodloe has filed seven *pro se* civil lawsuits in the Northern District of Texas since March 26, 2019. When frivolous filings are received and addressed by a court, it impinges on the court's limited resources, and a court has a responsibility to ensure its resources are allocated in a manner to promote the interests of justice. *See Martin v. Dist. of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam)); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (review of a trial court's sanctions against vexatious or harassing litigants is addressed under the lenient standard of abuse of discretion standard) (citing *Gelabert v. Lynaugh*, 894

F.2d 746, 747 (5th Cir. 1990) (per curiam)); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Goodloe is advised that his frivolous filings in this Court are an abuse of this Court's limited resources. **Therefore, Goodloe is warned that if he continues to file frivolous *pro se* cases in this Court, sanctions and/or a filing bar may be imposed.**

## Conclusion

For the reasons stated, the Court should DISMISS Case Numbers 3:22-cv-6-E-BT, 3:22-cv-62-X-BT, and 3:22-cv-165-E-BT without prejudice under Rule 41(b) for failure to comply with a court order and DISMISS Case Numbers 3:22-cv-6-E-BT and 3:22-cv-62-X-BT under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**SO RECOMMENDED**.

March 15, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).